UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BO MITCHELL** | * | **CIVIL ACTION NO. 23-1614** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **BP EXPLORATION & PRODUCTION, INC. AND BP AMERICA PRODUCTION COMPANY** | *  * | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

\* \* \* \* \* \* \* \*

## ORDER & REASONS

Before the Court is a Re-Urged Motion for Summary Judgment filed by Defendants BP Exploration & Production Inc. and BP America Production Company (collectively "Defendants" or "BP"). R. Doc. 40. Plaintiff did not oppose the motion. Considering the motion, record, and applicable law, the Court now rules as follows.

### I.    BACKGROUND

The Court deems as admitted the facts contained in BP's Statement of Uncontested Material Facts, R. Doc. 40-3, for purposes of this Order & Reasons. *See* Local Rule 56.2 (Feb. 4, 2025) ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement."); *see also Jegart v. Roman Cath. Church of Diocese of Houma Thibodeaux*, 384 F. App'x 398, 400 (5th Cir. 2010) ("When a party does not fille an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor.").

This case stems from the Deepwater Horizon oil spill. R. Doc. 40-3. In early 2013, Eastern District of Louisiana District Judge Barbier approved a "Medical Benefits Class Action Settlement Agreement" (hereinafter the "Settlement Agreement") in the consolidated multidistrict litigation

1

relative to the oil spill. *Id.* at 1 (citing R. Doc. 8217, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-2179 (E.D. La. Jan. 11, 2013)). That agreement included carve-outs for class members who met certain definitions and followed certain procedures. *Id.* If individuals met these criteria, they could bring suit against BP at a later date through "Back-End Litigation Options." *Id.* at 1–2 (explaining Back-End Litigation Options, often referred to as "BELO" claims). One such group is comprised of those who allege that they suffer from a "Later-Manifested Physical Condition." *Id.* The Settlement Agreement defined Later-Manifested Physical Conditions as a "physical condition that is first diagnosed . . . after April 16, 2012, and which is claimed to have resulted from . . . exposure to oil, other hydrocarbons, or other substance releases" related to the oil spill. *Id.* at 2.

Plaintiff Bo Mitchell served as a clean-up worker in response to the Deepwater Horizon oil spill. R. Doc. 40-3 at 2. He alleged in his Complaint that he was diagnosed with various conditions, including eczema of both hands, in 2018. *Id.* Because of the timing of his diagnoses, Mr. Mitchell falls into the category of people who experienced Later-Manifested Physical Conditions. *Id.* at 1–2. He filed suit against BP in 2023, seeking damages for injuries he allegedly suffered as a result of his exposure to oil and/or other substances released in the spill. *Id.* at 2.

The Settlement Agreement requires plaintiffs like Mr. Mitchell to prove that his alleged "Later-Manifested Physical Condition was legally caused by his . . . exposure to oil, other hydrocarbons, and other substances released from the [well] and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities." R. Doc. 6427-1, p. 70, *In re: Deepwater Horizon*, No. 10-2179 (E.D. La. May 3, 2012); *see also id.* at R. Doc. 8217 (Order & Reasons adopting R. Doc. 6427-1).[1] Mr. Mitchell has not

---

[1] Defendants referenced this portion of the Settlement Agreement in its uncontested facts. The Court is able to quote directly from the original filing pursuant to Fed. R. Evid. 201.

2

produced any expert reports or testimony that connect his diagnoses with his clean-up efforts. R. Doc. 40-3 at 3.

## II. PRESENT MOTION

BP now moves for an entry of summary judgment against Plaintiff because he has not submitted evidence of causation. R. Doc. 40. Defendants contend that the Settlement Agreement requires Mr. Mitchell to prove legal causation, and that he will not be able to do so at trial because of his failure to secure and expert and produce an expert report by the Court's deadlines. R. Doc. 40-1 at 2. BP explained that the Court's Scheduling Order, R. Doc. 19, required Plaintiff to produce an expert report by March 26, 2025. *Id.* When he failed to do so, BP filed its first summary judgment motion. *Id.*; *see also* R. Doc. 26. Plaintiff did not oppose that motion but did eventually request an in-person status conference before the Court ruled on it. R. Doc. 40-1 at 2; R. Doc. 29.

At the conference, Mr. Mitchell's counsel explained that he would need to withdraw from the case. R. Doc. 40-1 at 2; R. Doc. 30. Because of this new development, the parties submitted a joint stipulation that provided, *inter alia*, that BP would withdraw its summary judgment motion in exchange for Plaintiff providing his expert report(s) by August 29, 2025. R. Doc. 40-1 at 2; R. Doc. 31. If Plaintiff failed to do so, he stipulated that this case would be dismissed on September 2, 2025. R. Doc. 31; R. Doc. 32.

BP now submits this re-urged summary judgment motion. It does so pursuant to the Court's instruction during the September 4, 2025, telephone status conference. *See* R. Docs. 38, 39. Plaintiff did not oppose this motion, despite the Court's explanation to Plaintiff during the September 4, 2025, telephone status conference of the importance of securing an expert and producing an expert report in this case.

### III. LAW & ANALYSIS

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

BP moves for summary judgment on all of Plaintiff's claims because he has not submitted evidence of legal causation. R. Doc. 40. The Court agrees. As this Court has previously observed, "[c]ourts have consistently held that 'expert testimony is . . . *required* to establish causation' in toxic tort cases such as this one, because medical causation is complex, scientific, and highly technical issue '[a] plaintiff . . . cannot expect lay fact-finders to understand.'" *Turner v. BP Expl. & Prod., Inc.*, No. 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019) (quoting *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (emphasis added)); *see also McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 434 (5th Cir. 2020) (affirming district court's entry of summary judgment when BELO plaintiff had no evidence of causation after the district court granted motion to exclude his causation expert). BP correctly submits that "[t]he Fifth Circuit,

4

Eleventh Circuit, and ten other divisions of this Court have issued opinions consistent with" this. R. Doc. 40-1 at 4 n.12 (collecting cases).

Federal Rule of Civil Procedure 26(a)(2)(B) governs the disclosure of expert testimony and provides that these expert disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." On September 2, 2025, Mr. Mitchell submitted a letter to this Court representing that he made the required disclosures by the August 29, 2025 deadline. R. Doc. 37. But based on the unrefuted information contained in Defendants' summary judgment motion, these disclosures did not include the exchange of a written report. R. Doc. 40. Mr. Mitchell was initially required to provide Defendants with copies of his expert reports by March 26, 2025. R. Doc. 17. When he did not do so, and before his counsel withdrew from representing him, he entered a joint stipulation with Defendants agreeing to provide them with his expert reports by August 29, 2025, regardless of whether he proceeded *pro se* or secured new counsel to enroll on his behalf. R. Docs. 31, 32. He again failed to do so. As such, he cannot prove causation at the trial of this matter. The Court grants Defendants' motion for summary judgment on all of Plaintiff's claims.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the re-urged motion for summary judgment filed by Defendants, R. Doc. 40, is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 14th day of October, 2025.

                                                                              _____
                                                                              THE HONORABLE ELDON E. FALLON

*Please send a copy to*:
**Bo Mitchell, PRO SE**
113 East St.
Houma, LA 70363